Town of Jamestown *vs.* Thomas A. Kennelly, Public Utility Adm'r.

NOVEMBER 18, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J.  This is an appeal by the town of Jamestown from an order of the public utility administrator instructing the Jamestown Water Company to file a new schedule of increased rates and charges for the sale of water in such town sufficient to provide annual revenues to the company of approximately $51,500.

The cause originally came to the attention of the administrator by reason of the filing, on November 15, 1951, by the company of a revised tariff of increased rates and charges to yield approximately $53,600 in annual revenues. Pursuant to general laws 1938, chapter 122, §45, as amended by public laws 1949, chap. 2172, the administrator suspended such tariff pending his investigation and a public hearing.  As a result of such hearing, the administrator denied and dismissed the company's tariff filing and in place thereof ordered it to file the schedule of rates and charges objected to by the town in the instant appeal. Since the company did not appeal we are concerned here not with the rejection of its tariff filing but solely with the

administrator's order instructing it to file a new schedule of rates and charges to yield annual revenues of $51,500.

At the hearing before the administrator, in addition to the objection to the company's tariff filing made by the town, objection was made on behalf of the people generally by special counsel provided by the state. In support of his objection he presented expert testimony of a public accountant who had fully examined the company's books to the effect that the fair value of its property used and useful in the public service and depreciated on an original cost basis as of December 31, 1951 was $149,915.37, a figure considerably lower than that of $185,000 claimed by the company.

The town, however, did not go along with such evidence but it did not present any other evidence of an accounting or engineering nature tending to prove fair value. On the contrary, it relied solely on a deed from the Newport Water Corporation to the Jamestown Water Company dated May 23, 1940 conveying all the property here in question and bearing on its face federal revenue stamps in the amount of $95. The town introduced in evidence a certified copy of this deed and contended it indicated that the company had paid only $95,000 for all the property used in providing service and that such cost price was in the special circumstances here the original cost on which to establish the company's rate base subject to proper adjustments. Using that figure, counsel for the town argued that after such adjustments, which he claimed should be made, the fair rate base was $82,084.55.

The administrator did not adopt either view. Rather on the basis of all the evidence, including an original cost figure of $174,335 as appears from the decision of the predecessor public utility commission in 1933, he expressly found that the company's rate base was $157,641.55. And he further found that rates which would yield $51,500 annually would, after deduction of annual expenses of operation and other charges, furnish the company a 6 per cent return

on such rate base. To such findings and the administrator's decision and order based thereon, the people's special counsel has made no objection nor has he claimed any appeal therefrom to this court. Only the town, hereinafter called the appellant, has taken exception thereto and duly filed a petition of appeal.

In such petition appellant has set out twenty-five reasons of appeal. However, it has not separately briefed and argued them, apparently because they are repetitious. Instead it has compressed its brief and argument to only three points as follows: "1. The Public Utility Administrator did not conduct a complete examination and hearing and orders stemming from such incomplete examination and hearing are unlawful. 2. The said rates are based upon an inflated, fictitious 'rate base' and are unreasonable. 3. The Jamestown Water Company did not sustain its burden of proof and establish that such increase was necessary in order to obtain a reasonable compensation for the services rendered."

As to the first point, appellant contends that because the administrator did not have an investigation of the company's property made by a public utility engineer or by a person experienced in public utility rate making, his investigation was incomplete and therefore invalid. In support of such view it argues that G. L. 1938, chap. 122, §45, as amended, makes it mandatory upon the administrator to cause an engineering investigation of the company's property as well as an examination of its books by an accountant to be made before he can lawfully pass upon any application for changes in rates. It cites no case which so holds but relies upon that portion of section 45 which reads as follows: "said administrator shall have power either upon complaint * * * or upon his own motion * * * to hold a public hearing and make investigation as to the propriety of such proposed change or changes."

In that grant of power we see no such specific mandate as that contended for by appellant. The statute does not

prescribe any particular method which the administrator must follow in order adequately to inform himself of the reasonableness of the proposed rates. All that is required of him is that his findings and orders shall be fairly and substantially supported by evidence. If they are and do not otherwise infringe any constitutional right of the parties they will not be disturbed on appeal. *Town of Middletown* v. *Newport Water Corp.*, 53 R. I. 435. In the instant case there was, in our opinion, such substantial evidence and therefore the order appealed from was not unlawful as contended by appellant.

The second point is that the rate base found by the administrator is inflated and fictitious. From our examination of the record, including a careful reading of his decision wherein he points out specifically and definitely the evidence upon which he relied in reaching his conclusions as to the component elements of the rate base, we cannot agree with appellant's contention.

We do not accept its view that the alleged cost price of the property to the company in the sum of $95,000 on May 23, 1940 must necessarily be the original cost for rate-making purposes. The actual price paid may or may not have represented the fair value of the property. It is a relevant fact but not an exclusive or final test of such value. *Los Angeles Gas & Elec. Corp.* v. *Railroad Comm'n of California*, 289 U. S. 287. Neither do we accept appellant's computation in its brief of items of adjustment of the administrator's original cost figure which would substantially reduce the amount of the rate base found by him. The administrator was not bound to adopt such adjustments if there was evidence which justified findings to the contrary. In our opinion there was such evidence and we cannot say that the administrator was clearly wrong in basing his findings upon it.

The appellant's third point is that the company had the burden of proof to show that it needed an increase in rates to earn a reasonable return on the fair value of its property

182

and that it did not discharge that burden by the weight of the credible evidence. The appellant's argument in support of this contention is to a large extent a repetition in effect of its argument under the second point. In any event in a case of this kind and especially where the administrator has rejected the company's filing and has himself fixed new rates based on substantial evidence before him, the party objecting thereto and appealing therefrom to this court has the duty to shoulder the burden of showing that the administrator's order should be set aside. *Town of Middletown* v. *Newport Water Corp.*, 53 R. I. 435. Such an order is entitled to great weight here and will be set aside "only when clearly unreasonable, illegal, or improper, and prejudicial to appellant," or in excess of the administrator's authority. This is the general rule on appeal in rate cases, 51 C. J., Public Utilities, §140, p. 77, and has been approved and followed heretofore by this court in *Town of Middletown* v. *Newport Water Corp.*, *supra*. See also 73 C.J.S., Public Utilities, §64 j (1), p. 1159. After careful consideration we reiterate the view hereinbefore expressed that there is substantial evidence upon which the order appealed from can reasonably be based.

The order of the public utility administrator is affirmed and the appeal therefrom is denied and dismissed.

*Letts & Quinn, Daniel J. Murray,* for Town of Jamestown.

*Benjamin M. McLyman,* for Jamestown Water Company.